# EXHIBIT A

Filed
D.C. Superior Court
10/04/2017 07:38AM
Clerk of the Court

# SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

TARA L. MEHRBACH
1010 25th Street NW #405
Washington, DC 20037
202-213-3404
Plaintiff, *Pro Se*

Civil Action No.: 2017 CA 006730 B

vs.

CITIBANK N.A.
One Court Square, 31st fl
Long Island City, New York 11120
(718) 248-1249
Defendant
_____/

## COMPLAINT

1. Jurisdiction of this Court is founded on D.C. Code Annotated, 2001 edition, as amended, Sec. 11-921.

2. Plaintiff was at all relevant times a resident of the District of Columbia.

3. Defendant is the consumer arm of an international banking corporation, Citigroup, which is licensed to conduct consumer business in the District of Columbia.

4. At all relevant times, Plaintiff had a consumer checking account open and in good standing with Defendant bank.

5. In October of 2016, Plaintiff's former husband served a subpoena on Defendant Bank in the State of Florida. The subpoena set a records custodian deposition in the State of Florida for October 28, 2016 and demanded production of extensive financial records related to Plaintiff's checking account. The former husband was

6. seeking the financial records relating to a divorce and custody dispute which is pending in the Florida family court.

7. On or about October 18, 2016, Plaintiff informed Defendant Bank in writing that she opposed release of the records to her former husband. Plaintiff's written correspondence to Defendant states that the Plaintiff has been a victim of terroristic threats from her former husband and that a District of Columbia Court had previously prevented the former husband from having access to this exact same financial information because of the risk of physical harm that could come to Plaintiff from her former husband having the level of detail about her life, activities, and movements which would be revealed in the subpoenaed financial records of the bank. Plaintiff feared release of the financial records because she routinely used her Citibank debit card in lieu of cash multiple times per day, sometimes multiple times per hour, which information would have allowed her former husband to track her movements and find established patterns.

8. Plaintiff also notified Defendant bank in writing that counsel for the former husband had violated the Florida Rules of Procedure when he served the subpoena without sufficient notice and because the attorney refused to inform Plaintiff where he physically served the subpoena in the hopes of preventing Plaintiff from stopping the production of the financial documents.

9. Plaintiff also telephoned the Texas-based legal department of Defendant bank and left a message on the voicemail of the paralegal assigned to the Florida subpoena, Letecia Perez, prior to the date of production informing the paralegal not to produce the financial records demanded under the subpoena.

10. Despite receiving Plaintiff's written and verbal opposition to production of the financial records which included years' worth of debit card transactions, checks, deposits, and bill payments, Defendant produced in Florida the entire, unredacted set of financial records to counsel for Plaintiff's former husband. The full banking records, which dated back to December of 2013 and ran for 292 pages,

was produced by Defendant to counsel for Plaintiff's ex-husband on October 31, 2016.

10. Article I, section 23 of the Florida Constitution sets forth a constitutional right of privacy broader in scope than the privacy protections provided in the United States Constitution. *See* Rasmussen v. South Florida Blood Serv., Inc., 500 So. 2d 533, 536 (Fla.1987); Winfield v. Division of Pari-Mutuel Wagering, Dept. of Business Regulation, 477 So.2d 544, 548 (Fla.1985). The Winfield decision recognized that "the law in the state of Florida recognizes an individual's legitimate expectation of privacy in financial institution records." 477 So.2d at 547.

11. Florida Statute 655.059 governs access to financial books and records, explains the right to confidentiality, and sets forth criminal penalties for disclosure of the confidential information. The statute states in relevant part:

> (b) The books and records pertaining to the deposit accounts and loans of depositors, borrowers, members, and stockholders of any financial institution shall be kept confidential by the financial institution and its directors, officers, and employees and shall not be released except upon express authorization of the account holder as to her or his own accounts, loans, or voting rights. However, information relating to any loan made by a financial institution may be released without the borrower's authorization in a manner prescribed by the board of directors for the purpose of meeting the needs of commerce and for fair and accurate credit information. Information may also be released, without the authorization of a member or depositor but in a manner prescribed by the board of directors, to verify or corroborate the existence or amount of a customer's or member's account when such information is reasonably provided to meet the needs of commerce and to ensure accurate credit information. In addition, a financial institution, affiliate, and its subsidiaries, and any holding company of the financial institution or subsidiary of such holding company, may furnish to one another information relating to their customers or members, subject to the requirement that each corporation receiving information that is confidential maintain the confidentiality of such information and not provide or disclose such information to any unaffiliated person or entity. Notwithstanding this paragraph, nothing in this subsection shall prohibit a financial institution from disclosing

financial information as referenced in this subsection as permitted by Pub. L. No. 106-102 (1999), as set forth in 15 U.S.C.A. s. 6802, as amended.
(c) <u>A person who willfully violates the provisions of this section that relate to unlawful disclosure of confidential information is guilty of a felony of the third degree</u>, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. (Emphasis added).

12. Plaintiff also has a checking account with consumer bank Bank of America which was served with a subpoena by Plaintiff's former husband demanding the same financial records as Defendant's subpoena. Bank of America successfully sought a protective order in the Florida family court to prevent production of Plaintiff's financial records in raw form based on the law of Florida prohibiting a bank from turning over financial records without the consent of the customer.

13. As a result of Defendant's willful criminal and tortious actions which violated Plaintiff's right to privacy as established under Florida constitutional and statutory law, Plaintiff has been harmed. Plaintiff fears for her physical and emotional well-being given the level and nature of detailed information Defendant illegally provided to Plaintiff's former husband. The former husband had Plaintiff followed for nearly a year by private detectives who menacingly let Plaintiff know she was being surveilled at the same time the former husband was repeatedly threatening to kill her with an ice pick. Plaintiff has also been strategically harmed in the Florida family litigation by the illegal release of this detailed financial information to her former husband and consequently she has had and will have significant additional legal bills related to the illegal release of this private financial information to her former husband.

**WHEREFORE**, Plaintiff demands judgment against Defendant in the sum of $500,000.00 plus punitive damages with interests and costs and requests the Court to grant

such other and further relief as the Court shall deem appropriate and proper under the circumstances.

Plaintiff, an attorney licensed and in good standing in the District of Columbia, hereby verifies, under penalty of perjury, that:

1. I have read the foregoing Complaint and the facts stated in it are true.

2. This Complaint is brought in the good faith belief that Plaintiff is entitled to the relief requested.

**DATED** this 4th day of October, 2017.

/s/ Tara L. Mehrbach
**Tara Mehrbach, Esq. (Bar. No. 537776)**
*Pro Se*
1010 25th Street NW #405
Washington, DC 20037
202-213-3404
taramehrbach@gmail.com