# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| TARA L. MEHRBACH, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 17-2739 (RC) |
| | : | | |
| v. | : | Re Document No.: | 5 |
| | : | | |
| CITIBANK, N.A., | : | | |
| | : | | |
| Defendant. | : | | |

## MEMORANDUM OPINION

### GRANTING DEFENDANT CITIBANK'S MOTION TO DISMISS

## I. INTRODUCTION

Plaintiff Tara Mehrbach brings suit against Citibank, N.A., for complying with a subpoena for her financial records that was issued in a protracted custody dispute between her and her former husband. Ms. Mehrbach contends that Citibank violated Fla. Stat. § 655.059 by producing the records and breached its duty of confidentiality by failing to take legal action to resist the subpoena. Citibank has moved to dismiss (or, in the alternative, for summary judgment) on the ground that Ms. Mehrbach's complaint fails to state a claim upon which relief can be granted because (1) Fla. Stat. § 655.059 does not provide for a private cause of action, and (2) Florida law creates no duty requiring Citibank to challenge, or to refuse to comply with, such a subpoena. For the reasons set forth below, the Court grants Citibank's motion and dismisses Ms. Mehrbach's complaint.

1

## II.  FACTUAL BACKGROUND[1]

Tara Mehrbach is a District of Columbia resident and a former resident of Florida who has been involved in a protracted custody dispute with her former husband for the past decade. *See* Pl.'s Opp'n to Def.'s Mot. Dismiss or in Alt. Mot. Summ. J. ("Pl.'s Opp'n") at 2–5, ECF No. 8.  A large portion of the proceedings have taken place in family court in the state of Florida. *See id.*; Compl. ¶ 5, ECF No. 1-1.

In October 2016, as part of the continued litigation related to the custody dispute, Ms. Mehrbach's former husband served the Florida branches of Citibank and Bank of America with subpoenas requesting financial information related to Ms. Mehrbach's accounts.  *See id.* ¶¶ 5, 12. Ms. Mehrbach contends that she faced threats from her former husband, who she feared planned to use the requested records to track her activity and whereabouts.  *See id.* ¶ 6.  Ms. Mehrbach informed both banks of her objection to the release of her financial records.  *See id.* ¶¶ 6–9; Pl.'s Opp'n at 8–9.  Bank of America challenged the subpoena, filing a motion for a protective order in Florida family court that cited provisions of Florida law that protect the confidentiality of financial records.  *See* Compl. ¶ 12; Pl.'s Opp'n at 8.  Citibank, by contrast, complied with the subpoena, disclosing the requested information to Ms. Mehrbach's former husband.  *See* Compl. ¶ 9.  The disclosed information included all records relating to Ms. Mehrbach's Citibank accounts dating from December 2013 to the time of the request in October 2016.  *See id.*

Before Citibank disclosed the records, Ms. Mehrbach herself attempted to obtain a protective order from a Florida court to shield the subpoenaed information, but her order was

---

[1] At the motion to dismiss stage, the Court accepts the Plaintiff's factual allegations as true.  *See, e.g.*, *United States v. Philip Morris, Inc.*, 116 F. Supp. 2d 131, 135 (D.D.C. 2000).

denied for procedural reasons.[2]  *See* Pl.'s Opp'n at 9; *see* Order Denying Without Prejudice Respondent/Former Wife's Mot. Protective Order Regarding Financial Disclosures ("Order Denying Mot. Protective Order"), Ex. 5, ECF No. 5-5.  In October 2017, Ms. Mehrbach brought suit against Citibank in District of Columbia Superior Court, claiming that Citibank's disclosure of her financial information violated privacy protections guaranteed by both Article I, Section 23 of the Florida Constitution and Fla. Stat. § 655.059.  Compl. ¶¶ 10–11.  Citibank removed the case to this Court pursuant to 28 U.S.C. § 1446.  *See* Notice of Removal ("Notice"), ECF No. 1.

Before the Court is Citibank's motion to dismiss pursuant to Rule 12(b)(6), which argues that (1) Ms. Mehrbach fails to state a claim because Fla. Stat. § 655.059 does not provide for a private cause of action, and (2) Citibank had no duty to take legal action to resist a facially valid subpoena.  *See* Fed. R. Civ. P. 12(b)(6); Def.'s Mot. Dismiss or in Alt. Mot. Summ. J. ("Def.'s Mot.") at 9–12, ECF No. 5.  Citibank's motion is now ripe for decision.

### III.  LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A motion to dismiss under Rule 12(b)(6) does not test a plaintiff's ultimate likelihood of success on the merits, but rather, whether a plaintiff has properly stated a claim.  *See* Fed. R. Civ. P. 12(b)(6); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (alteration in original) ("When a federal court reviews the sufficiency of a complaint . . . [t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."),

---

[2]  Specifically, the Florida court denied Ms. Mehrbach's motion because she had not complied with procedural and administrative requirements set forth in the court's earlier orders.  *See* Order Denying Mot. Protective Order at 3, Ex. 5, ECF No. 5-5.

3

*abrogated on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982). A court considering a motion to dismiss presumes the complaint's factual allegations are true and must construe them in the light most favorable to the plaintiff. *See, e.g.*, *United States v. Philip Morris, Inc.*, 116 F. Supp. 2d 131, 135 (D.D.C. 2000). To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)), and a plaintiff's right to relief must rise above the "speculative level." *Twombly*, 550 U.S. at 555–56. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are therefore insufficient to withstand a motion to dismiss. *Iqbal*, 556 U.S. at 678. A court need not accept a plaintiff's legal conclusions as true, *see id.*, nor must a court presume the veracity of the legal conclusions that are couched as factual allegations. *See Twombly*, 550 U.S. at 555.

Given Ms. Mehrbach's *pro se* status,[3] her complaint is held to a "less stringent standard than formal pleadings." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But *pro se* litigants must still comply with the Federal Rules of Civil Procedure, *see Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987), and the Court need not assume the role of the *pro se* plaintiff's advocate. *Davis v. Kelly*, 160 F.3d 917, 922 (2d Cir. 1998); *accord Sun v. D.C. Gov't*, 133 F. Supp. 3d 155, 168 n.6 (D.D.C. 2015) ("[I]t is not the Court's job to canvass the record for documents supporting a *pro se* party's position."). A court considering a *pro se* plaintiff's complaint should look to "all filings, including filings responsive

---

[3] Ms. Mehrbach is an attorney who is licensed in the District of Columbia, *see* Compl. at 5, however, her filings are still subject to the less stringent standard. *See Eisenberg v. Social Sec. Admin.*, 703 F. Supp. 2d 27, 30 (D.D.C. 2010) ("Where, as here, an action is brought by a *pro se* plaintiff, although an attorney, the Court must take particular care to construe the plaintiff's filings liberally.").

to a motion to dismiss," *Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015), to discern whether the plaintiff has "'nudged [her] claim[s] across the line from conceivable to plausible.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

### IV. ANALYSIS

Ms. Mehrbach appears to claim (1) that Citibank violated Fla. Stat. § 655.059 by complying with the subpoena requesting her financial records and (2) that, in light of Florida law protecting bank records, Citibank negligently disclosed her financial records by failing to take legal steps to protect the information or to have the subpoena quashed.[4] Compl. ¶ 9–11; Pl.'s Opp'n at 7. With regard to the first claim, Citibank contends that no private cause of action exists under Fla. Stat. § 655.059 and, thus, Ms. Mehrbach's claim should be dismissed for failure to state a claim. Def.'s Mot. at 11. And with regard to the negligence claim, Citibank maintains

---

[4] The Court applies the law of Florida to assess both of Ms. Mehrbach's claims. With regard to the first claim, Ms. Mehrbach raises a cause of action specifically pursuant to Florida statutory law and, thus, it follows that Florida law applies. With regard to the second claim, District of Columbia choice-of-law rules favor the application of Florida law as well. A federal court sitting in diversity must apply the choice-of-law rules of the forum state (the District of Columbia). *In re APA Assessment Fee Litig.*, 766 F.3d 39, 51 (D.C. Cir. 2014). In negligence cases the court considers "the place of injury, the place where the contact occurred, the domicile of the parties, and the place where the relationship between the parties is centered." *Stancill v. Potomac Elec. Power Co.*, 744 F.2d 861, 864 n.16 (D.C. Cir. 1984). Ms. Mehrbach was once a resident of Florida, the financial information in question was possessed by a Florida branch of a bank, and the other events in question occurred in Florida. *See* Compl. ¶¶ 5–9; Pl.'s Opp'n at 1–2, 4. Furthermore, because both Ms. Mehrbach and Citibank primarily cite Florida law in their filings and neither has objected to the application of Florida law, the Court concludes that Florida law applies in this case. *See Davis v. Grant Park Nursing Home LP*, 639 F. Supp. 2d 60, 65 (D.D.C. 2009) (noting where "all parties assume [that the law of a particular jurisdiction applies] . . . [t]he Court need not . . . question the parties' assumption on that point"); *see generally* Compl.; Def.'s Mot. While the Court takes note that Ms. Mehrbach relies on the District of Columbia negligence standard in her opposition to Citibank's motion to dismiss, the Florida standard is identical, and thus, is cited for consistency. *See* Pl.'s Opp'n at 7. *Compare Mixon v. Wash. Metro. Area Transit Auth.*, 959 A.2d 55, 58 (D.C. 2008), *with Bartsch v. Costello*, 170 So. 3d 83, 86 (Fla. Dist. Ct. App. 2015) (explaining respective negligence standards).

5

that the bank was under no legal obligation to ignore or to mount a legal challenge to the subpoena in question. Citibank argues that it did not breach any duty owed to Ms. Mehrbach by releasing her financial information to the requesting party pursuant to a subpoena. *See id.* at 11–12; Def.'s Reply Supp. of Mot. Dismiss or in Alt. Summ. J. ("Def.'s Reply") at 5–7, ECF No. 9. As explained below, the Court grants Citibank's motion and dismisses Ms. Mehrbach's complaint.

### A. Fla. Stat. § 655.059 Does Not Provide a Private Cause of Action

Ms. Mehrbach claims that Citibank released her bank records in violation of Fla. Stat. § 655.059, which protects the confidentiality of the books and records of financial institutions. Compl. ¶ 11. Citibank asserts that Ms. Mehrbach's claim should be dismissed because Fla. Stat. § 655.059 provides no private cause of action, thus, Ms. Mehrbach has failed to state a claim upon which relief may be granted. Def.'s Mot. at 11–12. Upon consideration of the statute and relevant case law, the Court finds that Fla. Stat. § 655.059 does not provide a private cause of action. Accordingly, Ms. Mehrbach fails to state a claim under the statute.

Fla. Stat. § 655.059 requires that "[t]he books and records of a financial institution are confidential and shall be made available for inspection and examination only" under certain enumerated circumstances.[5] Fla. Stat. § 655.059(1) (2016). One such circumstance is "[a]s

---

[5] Fla. Stat. § 655.059 was amended, effective January 1, 2018. *See* Ch. 2017-83, § 2, Laws of Fla. Among other things, the amended version of the statute provides protections specific to "[t]he books and records pertaining to trust accounts and the deposit accounts and loans of depositors, borrowers, members, and stockholders." Fla. Stat. § 655.059 (2018). The Court assesses the viability of Ms. Mehrbach's claims under the prior version of Fla. Stat. § 655.059, which was in effect at the time that Citibank complied with the subpoena for her bank records. *See Landgraf v. USI Film Prods.*, 511 U.S. 244, 265 (1994) ("[T]he legal effect of conduct should ordinarily be assessed under the law that existed when the conduct took place." (quoting *Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 855 (1990) (Scalia, J., concurring))).

6

compelled by a court of competent jurisdiction, pursuant to a subpoena issued pursuant to the Florida Rules of Civil or Criminal Procedure or the Federal Rules of Civil Procedure, or pursuant to a subpoena issued in accordance with state or federal law." Fla. Stat. § 655.059 (2016).

In determining whether a statute provides for a private cause of action, courts first look to the text of the statute. However, under limited circumstances, a court will find that even though statutory text does not explicitly provide a cause of action, one should be judicially implied. *See Cort v. Ash*, 422 U.S. 66, 78 (1975); *accord Israel v. Bellsouth Telecomms., Inc.*, No. 12-60806, 2012 WL 12862809, at *3 (S.D. Fla. July 10, 2012). When determining whether to imply a cause of action under Florida law, courts primarily focus on whether there is any indication of legislative intent to create such a cause of action. *Murthy v. N. Sinha Corp.*, 644 So. 2d 983, 985 (Fla. 1994) ("[L]egislative intent . . . should be the primary factor considered by a court in determining whether a cause of action exists when a statute does not expressly provide for one."); *accord QBE Ins. Corp. v. Chalfonte Condo. Apartment Ass'n*, 94 So. 3d 541, 550 (Fla. 2012); *see, e.g.*, *Israel*, 2012 WL 12862809, at *3 (citing *Buell v. Direct Gen. Ins. Agency, Inc.*, 488 F. Supp. 2d 1215, 1217 (M.D. Fla. 2007) ("[T]he courts of Florida . . . have expressly adopted the private-right-of-action doctrine . . . which has as its primary focus legislative intent."), *aff'd*, 267 F. App'x. 907 (11th Cir. 2008)). Courts are reluctant to read private causes of action into statutes that are silent on the matter, and statutes that "merely make[] provision to secure the safety or welfare of the public" are generally not construed as establishing civil liability. *Braham v. Branch Banking & Tr. Co.*, 170 So. 3d 844, 847 (Fla. Dist. Ct. App. 2015) (quoting *QBE Ins. Corp.*, 94 So. 3d 541, 550 (Fla. 2012)). With an eye toward this preference, "federal courts should be reluctant to read private rights of action into state laws where state courts and state legislatures have not done so." *Zarrella v. Pac. Life Ins. Co.*, 755 F. Supp. 2d

7

1218, 1228 (S.D. Fla. 2010) (internal quotation marks omitted) (quoting *Swerhun v. Guardian Life Ins. Co. of Am.*, 979 F.2d 195, 198 (11th Cir. 1992)).

Here, the language of the statute indicates that Fla. Stat. § 655.059 lacks an express private cause of action. *See id.* § 655.059 (2016). And the Court concludes that no private right of action under which Ms. Mehrbach may pursue her claim should be implied. While Ms. Mehrbach relies heavily on the provision of Fla. Stat. § 655.059(2)(c)—a provision that was not in effect at the time that Citibank released her records, *compare* Fla. Stat. § 655.059 (2016), *with* Fla. Stat. § 655.059 (2018)—which imposes a criminal penalty for confidentiality violations, *see* Compl. ¶ 11, the language of even the new version of § 655.059 does not mention a private civil remedy. Notably, the language of other chapters of § 655 indicates that enforcement of these laws lies primarily with the state's Office of Financial Regulation or other state administrative agencies, rather than through private lawsuits. *See, e.g.*, Fla. Stat. § 655.001(1) (providing regulatory and enforcement powers to the Financial Services Commission and Office of Financial Regulations); *id.* § 655.041 (detailing administrative fines and enforcement proceedings); *id.* § 655.057 (referring to civil proceedings being conducted by "the office"); *id.* § 655.955 (limiting financial institutions' civil liability to third parties, but preserving agencies' civil or administrative cause of action).

In *Braham v. Branch Banking & Tr. Co.*, 170 So. 3d 844, 847 (Fla. Dist. Ct. App. 2015), a Florida court held that the language of § 655.85—which establishes "codes for state financial institutions," and empowers the Office of Financial Regulations to enforce those codes— is merely a "provision[] to secure the safety or welfare of the public," and thus not to be construed to include a private cause of action. *Braham*, 170 So. 3d at 847. Here, the provisions of § 655.059 in question similarly establish a code of conduct for state financial institutions with

8

regard to the handling of confidential customer information and include numerous provisions concerning the "safety or welfare of the public." *Id.*; *see also* Fla. Stat. § 655.059 (2016). Considering that the language of § 655.059 provides no express private cause of action, and that the language of other chapters evidences no clear legislative intent to include a private cause of action, the Court concludes that no private cause of action should be judicially implied. Thus, Ms. Mehrbach fails to state a claim under § 655.059.[6]

## B. Negligence Claim

Insofar as Ms. Mehrbach asserts a negligence claim, Citibank contends that because Fla. Stat. § 655.059 expressly permits the disclosure of financial information pursuant to a subpoena or related judicial process, it owed no duty to Ms. Mehrbach to attempt to quash the subpoena. *See* Fla. Stat. § 655.059(1)(e) (2016); Fla. Stat. § 655.059(1)(e), (2)(b)(1) (2018); Def.'s Reply at 6. To state a negligence claim under Florida law, a plaintiff must establish that (1) the defendant owed the plaintiff a duty; (2) that the defendant breached that duty; (3) that a causal connection existed between the breach and the injury alleged; and (4) that actual damage or injury occurred.[7] *Bartsch v. Costello*, 170 So. 3d 83, 86 (Fla. Dist. Ct. App. 2015). As explained below, the Court

---

[6] To the extent that Ms. Mehrbach asserts any sort of claim under the Gramm-Leach-Bliley Act, 15 U.S.C. § 6802, *see* Pl.'s Opp'n. at 8–9; *id.* Ex. A, at 7, (highlighting Bank of America's motion for a protective order, which relies in part on the Act), ECF No. 8-1, courts have consistently held that no private cause of action exists under this statute. *See* 15 U.S.C. §§ 6801–6809; *see e.g.*, *Owens-Benniefield v. Nationstar Mortg. LLC*, 258 F. Supp. 3d 1300, 1318–19 (M.D. Fla. 2017) ("[C]ourts across the country have held that no private right of action exists for [GLBA] violations." (quoting *Winter Park Condo. Ltd. P'ship v. Wachovia Bank, Nat'l Ass'n*, No. 6:09-cv-218-Orl-31KRS, 2009 WL 290992, at *1 (M.D. Fla. Feb. 6, 2009))).

[7] Citibank also claims that Ms. Mehrbach has failed to adequately plead damages for her negligence claim. Def.'s Mot. at 12. Because the Court concludes that Citibank does not owe a duty to Ms. Mehrbach under the circumstances of this case, the Court need not reach the issue of damages.

finds that Citibank owed no duty to Ms. Mehrbach to decline to comply with the subpoena in question, and accordingly, Ms. Mehrbach fails to state a claim for negligence as well.

Florida courts recognize that banks have a general duty of confidentiality with regard to customers' financial records. *See Winfield v. Div. of Pari-Mutuel Wagering, Dep't of Bus. Regulation*, 477 So. 2d 544, 548 (Fla. 1985) (recognizing individuals' expectation of privacy in financial records under Florida constitution); *Milohnich v. First Nat'l Bank of Miami Springs*, 224 So. 2d 759, 762 (Fla. Dist. Ct. App. 1969) (recognizing "implied duty on the part of a national bank not to disclose information negligently"). But that duty is not unlimited—especially when disclosure is compelled by the law. *See Winfield*, 477 So. 2d at 548 (finding that constitutional protections do not prevent defendant from requesting or obtaining bank records by subpoena); *Milohnich*, 224 So. 2d at 762 ("This opinion does not . . . deal with the disclosures . . . required by the government or under compulsion of law . . . ."). Ms. Mehrbach argues that Citibank had a duty to challenge or to refuse to comply with a subpoena requesting her financial records. But such actions fall squarely outside any duties explicitly or implicitly provided for in the Florida Constitution, Florida case law, or in the language of Fla. Stat. § 655.059 itself.[8]

---

[8] To the extent that Ms. Mehrbach argues that Citibank violated the Florida Constitution by disclosing her bank records, she cannot prevail on such a claim. Article I, Section 23 of the Florida Constitution guarantees "[e]very natural person . . . the right to be let alone and free from *governmental intrusion* into the person's private life." Fla. Const. art. I, § 23 (emphasis added). Though this provision supports the idea that banks have a limited duty to protect customers' confidential information, the facts of Ms. Mehrbach's case do not involve a governmental intrusion and cannot reasonably be construed to give rise to an independent constitutional claim. *See Gabriel v. G2 Secure Staff, LLC*, 225 F. Supp. 3d 1370, 1372 (S.D. Fla. 2016) (noting that Article I, Section 23 does not "automatically protect a Plaintiff from discovery into her relevant financial transactions in civil litigation"); *Resha v. Tucker*, 670 So. 2d 56, 58 (Fla. 1996) ("The language of th[e] constitutional provision clearly provides that it applies only to government action."). While a court order compelling discovery of confidential information may constitute a "governmental intrusion" under the provision, Ms. Mehrbach's claims challenge Citibank's response to a routine subpoena issued by an opposing party to litigation rather than any action by a government entity.

In fact, even the court in *Milohnich v. First Nat. Bank of Miami Springs*, 224 So. 2d 759, 761–62 (Fla. Dist. Ct. App. 1969)—the case that first established that banks have a general duty of confidentiality under Florida law—recognized that no duty arises and, thus, banks may disclose confidential information (1) under compulsion of law; (2) where there is a duty to the public to disclose; (3) where the interests of the bank require disclosure; or (4) with the expressed or implied consent of the customer. *See id*. The court in *Barnett Bank of West Florida v. Hooper*, 498 So. 2d 923 (Fla. 1986), solidified these exceptions and further qualified a bank's duty, allowing for additional, case specific "special circumstances" in which a bank may disclose customers' confidential financial information. *See id.* at 925 (finding that circumstances may permit banks to disclose confidential information of one customer when faced with duty to disclose information material to a transaction to a second customer).

Furthermore § 655.059 explicitly provides for disclosure of confidential information in compliance with the judicial process, *see* Fla. Stat. § 655.059(1)(e) (2016); Fla. Stat. § 655.059(1)(e), (2)(b) (2018), and courts applying Florida law have consistently found no duty when financial institutions have done so. *See, e.g.*, *Laterza v. JPMorgan Chase Bank, N.A.*, 221 F. Supp. 3d 1347, 1351 (S.D. Fla. 2016) (finding that bank had no duty to keep confidential financial records that "Florida law requires a bank to disclose . . . when compelled by a court of competent jurisdiction"); *Frenkel v. Acunto*, No. 11-62422, 2014 WL 4680738, at *5 (S.D. Fla. Sept. 19, 2014) (noting that § 655.059 allows records to be disclosed "pursuant to a subpoena"); *Ochoa v. Empresas ICA, S.A.B. de C.V.*, No. 11-23898, 2012 WL 3260324, at *6 (S.D. Fla. Aug. 8, 2012) ("Florida's constitutional and statutory protection of personal financial information and banking records . . . is not absolute.").

In Ms. Mehrbach's case, she claims that Citibank negligently disclosed her financial information when the bank responded to the subpoena in question. *See* Pl.'s Opp'n at 7. However, as case law indicates, financial institutions like Citibank are not just within their right to disclose customers' information, but they are required to do so—unless they present a compelling reason, by seeking a protective order or through other related legal process, for nondisclosure. *See* Fla. Stat. § 655.059(1)(e) (2016) (permitting disclosure "[a]s compelled by a court of competent jurisdiction"); Fla. Stat. 655.059(1)(e) (2018) (same); *cf. Laterza*, 221 F. Supp. 3d at 1351 (finding that bank could not be held liable for complying with a search warrant); *Frenkel*, 2014 WL 4680738, at *3 (discussing defendant's standing to challenge subpoena seeking financial information). While Ms. Mehrbach is correct that the decision in *Winfield v. Division of Pari-Mutuel Wagering, Department of Business Regulation*, 477 So. 2d 544, 547 (Fla. 1985), recognizes an expectation of privacy in personal financial records, her reliance on the case is misplaced. *See* Compl. ¶ 10; *see* Pl.'s Opp'n at 8–9. First, the *Winfield* court was addressing disclosures requested by a government entity, and thus was considering issues regarding governmental intrusion that do not apply to this case. *See* 477 So. 2d at 546–47. Second, the *Winfield* court determined that the Florida Constitution did *not* prevent the government from subpoenaing the particular bank records in question, a fact which lends support to Citibank's actions, rather than to Ms. Mehrbach's claim. *See id.* at 547 (finding that the expectation of privacy created by Florida constitution did not function to categorically prevent citizens' bank records from being subpoenaed). The fact that Bank of America apparently had a different view of its customer service obligations to Ms. Mehrbach than Citibank did is not, as Ms. Mehrbach implies, *see* Compl. ¶ 12, Pl.'s Opp'n at 8–9, evidence of Citibank's negligence

under the law.[9] *See Dade Cty. Med. Ass'n v. Hlis*, 372 So. 2d 117, 121 (Fla. Dist. Ct. App. 1979) (noting that subpoena seeking disclosure of confidential information *may* be quashed, modified, or subject to protective order).[10] Accordingly, Ms. Mehrbach has again failed to state a claim upon which relief can be granted.[11]

## V. CONCLUSION

For the foregoing reasons, Citibank's Motion to Dismiss (ECF No. 5) is **GRANTED**. An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated: July 11, 2018

RUDOLPH CONTRERAS
United States District Judge

---

[9] It bears mentioning that Ms. Mehrbach did not exhaust her own options for protecting her confidential bank records. Though the Florida court denied her motion for a protective order, it did so on procedural grounds and noted that its denial was without prejudice. Pl.'s Opp'n at 9; *see* Order Denying Mot. Protective Order at 3–4. Ms. Mehrbach does not assert that she renewed her request for a protective order. *See generally* Compl.; Pl.'s Opp'n.

[10] Ms. Mehrbach's asserts that the provision of § 655.059 allowing for disclosure of information under court compulsion is "not the same thing as when a subpoena has been issued by a party to a litigation." Pl.'s Opp'n at 8. But the language of § 655.059 provides no such distinction. *See* Fla. Stat. § 655.059(1)(e) (2016) (allowing for confidential records to be disclosed, "[a]s compelled by a court of competent jurisdiction, *pursuant to a subpoena* issued pursuant to the Florida Rules of Civil Procedure . . . or pursuant to a subpoena issued in accordance with state or federal law") (emphasis added); *accord Frenkel*, 2014 WL 4680738, at *5; *see also* § 655.059(2)(b) (2018) (authorizing disclosure in response to "subpoena or . . . judicial process").

[11] Because the Court grants Defendant's motion to dismiss, it need not address Defendant's alternative motion for summary judgment. Accordingly, the Court will not consider Citibank's remaining contention (and the factual basis for its motion for summary judgment) that Ms. Mehrbach waived her claims by agreeing to the terms of the Citibank's Client Manual. *See* Def.'s Mot. at 6–8; Def.'s Reply at 2–3.

13